IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MENARD, INC.,

                Plaintiff,            OPINION AND ORDER

v.

                                      18-cv-376-wmc

NATIONAL LABOR RELATIONS BOARD,

                Defendant.

In this civil action, plaintiff Menard, Inc., seeks a declaratory judgment that the National Labor Relations Board exceeded its authority in filing an administrative complaint against Menard and an order retraining the Board from pursuing this complaint. In response, the NLRB moves to dismiss for lack of subject matter jurisdiction over this action. (Dkt. #8.) In light of the fact that the underlying NLRB complaint is set for administrative review on August 20, 2018, the parties seek expedited review. (Dkt. #13.) Since the limited scope of the NLRB administrative action does not clearly violate the National Labor Relations Act ("NLRA" or "the Act"), 29 U.S.C. §§ 151, *et seq.*, and plaintiff has alternative means to seek review of any adverse NLRB decision, the court will grant the NLRB's motion.

UNDISPUTED FACTS[1]

**A. Earlier administrative proceeding**

On August 10, 2016, Local 153, Office & Professional Employees International

---

[1] "A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)).

Union, AFL-CIO filed a charge with the NLRB alleging that Menard violated Section 8(a)(1) of the Act by misclassifying delivery drivers as independent contractors rather than employees. On December 22, 2016, the NLRB's General Counsel issued a complaint against Menard for these alleged violations. That case was tried before an administrative law judge ("ALJ") on May 31 and June 1, 2017. During the administrative hearing, one of Menard's delivery drivers, Kevin Fisher, testified on behalf of the NLRB.

On November 17, 2017, the ALJ issued a decision concluding that the delivery drivers were independent contractors and not employees under Section 2(3) of the Act. The NLRB did not appeal this determination; instead, it subsequently issued an order adopting the ALJ's findings, conclusions and recommendations.

**B. Fisher's Termination and Pending Administrative Proceeding.**

In August 2017, Menard issued Fisher, or more accurately, his LLC through which he does business, a voluntary 60-day notice of termination under the parties' contract. After he was terminated, Fisher filed an unfair labor practices charge against Menard. On May 16, 2018, the NLRB's General Counsel issued a complaint alleging that Menard violated Section 8(a)(4) of the Act by terminating Fisher in retaliation for his testimony and participation in the earlier misclassification case. An administrative hearing on this Section 8(a)(4) complaint is scheduled to begin on August 20, 2018.

OPINION

In its complaint, plaintiff generally contends that the NLRB is attempting to create an "end-run around" the prior administrative proceeding decision and "extend its

2

jurisdiction to control the relationship between Menard and its independent contractors." (Am. Compl. (dkt. #7) pp.1-2.) More specifically, plaintiff's complaint asserts three causes of action: (1) a declaratory judgment that the NLRB is exceeding its statutory authority in pursuing an administrative action on behalf of an independent contractor; (2) a violation of the Administrative Procedure Act, 5 U.S.C. § 706, which prohibits the NLRB from engaging in "arbitrary and capricious" conduct; and (3) a finding that the NLRB's actions are *ultra vires*, citing *Leedom v. Kyne*, 358 U.S. 184, 188-189 (1958).[2] Each of these specific causes of action, however, are all based on the same general legal theory that the NLRB has exceeded its authority in pursuing the current administrative action on behalf of an independent contractor who is outside the protections of the NLRA.

As an initial matter, defendant contends that this court lacks subject matter jurisdiction to even consider plaintiff's declaratory judgment action. As detailed in its brief, defendant argues that the plaintiff must first exhaust the administrative process, and only then can it appeal to the appropriate federal court of appeals, not to a district court. *See, e.g.*, *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) (rejecting attempt to challenge NLRB action in the district court, explaining that such action would "in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance.

---

[2] The APA does not provide a separate basis for subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 105–06 (1977) ("As noted previously, the actual text of § 10 of the APA nowhere contains an explicit grant of jurisdiction to challenge agency action in the federal courts. Furthermore, even the advocates of jurisdiction under the APA acknowledge that there is no basis for concluding that Congress, in enacting § 10 of the APA, actually conceived of the Act in jurisdictional terms.").

The contention is at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."); *Grutka v. Barbour*, 549 F.2d 5, 7 (7th Cir. 1977) ("It is well settled that district courts generally do not have jurisdiction to enjoin the Labor Board . . . . Normally, the administrative remedies extant before the Labor Board must be exhausted as a prerequisite to federal jurisdiction.").

Plaintiff does not, and cannot, dispute that this is the general and exclusive path to obtain judicial review of a federal administrative proceeding, particularly from an NLRB proceeding. Instead, as referenced in its complaint, plaintiff attempts to ground this court's jurisdiction under an exception from this jurisdictional rule as articulated by the Supreme Court in *Leedom v. Kyne*, 358 U.S. 184 (1958). In *Leedom*, the Court carved out a space for a district court to exercise jurisdiction over an NLRB administrative proceeding under 28 US.C. § 1337, although only "to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188. The Seventh Circuit subsequently described the *Leedom* exception as a "narrow" one, only applicable where the NLRB has "disregarded a specific and unambiguous statutory directive." *Squillacote for & on Behalf of N. L. R. B. v. Int'l Bhd. of Teamsters, Local 344*, 561 F.2d 31, 36 (7th Cir. 1977). Later still, the court of appeals observed that the Supreme Court has found such an exception only in cases where "alternate means of judicial review were either uncertain or, in the Court's view, inadequate to protect the plaintiffs' rights." *Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 675 (7th Cir. 1987).

The NLRB's administrative complaint against Menard alleges a violation of Section

8(a)(4) of the Act, which provides in pertinent part:

> a) Unfair labor practices by employer
>
> It shall be an unfair labor practice for an employer--
> . . .
> (4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter[.]

29 U.S.C.A. § 158. Among other things, however, as plaintiff emphasizes, the Act further states that an "employee" "*shall not include . . . any individual having the status of an independent contractor.*" 29 U.S.C.A. § 152(3) (emphasis added). Because the NLRB has already determined that Fisher is not an employee -- indeed, he was definitively adjudicated an "independent contractor" in a prior proceeding between these same parties -- plaintiff argues that the Act, and particularly the protections of Section 8(a)(4), do not apply. Therefore, plaintiff maintains that the NLRB is clearly exceeding its authority in bringing its now pending administrative complaint.

At first glance, this argument is persuasive, if not compelling, but as defendant points out in its briefing, Section 8(a)(4) has been interpreted broadly to extend beyond the specific limitations of the definition of "employee." For example, in *John Hancock, Mutual Life Ins. Co. v. NLRB*, 191 F.2d 483 (D.C. Cir. 1951), "[t]he purpose of Sec. 8(a)(4) was to assure an effective administration of the Act by providing immunity to those who initiate or assist in proceedings under the Act." *Id*. at 485 n.8 (quoting *Briggs Mfg. Co.*, 75 NLRB 569, 570-71 (1947) (quotation marks omitted)). Similarly, the United States Supreme Court held some sixteen years later, that by adopting Section 8(a)(4), "Congress has made it clear that it wishes *all persons* with information about such practices to be

5

completely free from coercion against reporting them to the Board." *Nash v. Fla. Indus. Comm'n*, 389 U.S. 235, 238 (1967) (emphasis added). If so, it would seem to follow that Fisher may be entitled to protection under the NLRA, not so much for himself, but to keep others "completely free from coercion against reporting" a possible violation by a company invoking the independent contractor exception in later cases. *Id.*

Defendant acknowledges that the NLRB has not previously addressed the specific issue raised here -- whether an employer violates Section 8(a)(4) by discharging an independent contractor who gave testimony against it in NLRB proceedings. However, both the NLRB and various U.S. Circuit Courts, including the Seventh Circuit, have held that the anti-retaliation provisions of Section 8(a) extend beyond the strict definition of "employee" to protect non-employee supervisors who participated in Board proceedings. *See General Nutritional Center*, 221 NLRB 850, 850, 858 (1975) (holding that employer violated Section 8(a)(1) and (4) in discharging non-employee supervisor for participating in a Board investigation); *NLRB v. Advertisers Mfg. Co.*, 823 F.2d 1086, 1089 (7th Cir. 1987) (holding that employer violated Section 8(a)(1) in terminating supervisory employee in retaliation for her son's rights to engage in concerted activities). As Judge Posner explained after reviewing another NLRB decision in *Advertisers Manufacturing*, "the discharge of supervisors is unlawful when it interferes with the right of employees to exercise their rights under Section 7 of the Act, as when they give testimony adverse to their employers' interest or when they refuse to commit unfair labor practices." *Id.* at 1088 (quoting *Parker-Robb Chevrolet, Inc.*, 262 N.L.R.B. 402, 404 (1982)).

The reasoning underlying cases that expanded the protections of Section 8(a)(4) to supervisors would appear to apply with equal force to claims of retaliation brought by independent contractors based on their participation in NLRB proceedings, or at least the NLRB could so find, which is enough to deny this court subject matter jurisdiction over plaintiff's claims under the narrow *Leedom* exception for violations of "a specific and unambiguous statutory directive," *Squillacote*, 561 F.2d at 36, or an action "contrary to a specific prohibition in the Act," *Leedom*, 358 U.S. at 188.[3]

Moreover, plaintiff has also not demonstrated that there are no avenues of review available or that any opportunity for review is "inadequate to protect the plaintiffs' rights." *Abercrombie*, 833 F.2d at 675. To the contrary, once the administrative proceedings are exhausted, plaintiff will have the opportunity to appeal any adverse decision to the Court of Appeals. Instead, plaintiff's only harm is having to participate in the administrative process itself, which is not a violation of its rights. *See Myers*, 303 U.S. at 51-52 ("Obviously, the rules requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.").

---

[3] Plaintiff's attempt to distinguish the supervisor cases from the facts at issue here is not enough to save its lawsuit, since even if "supervisors" are still "employees," they are "*not* include[d]" as employees under the express definition in § 523(3), just as independent contractors are not "employees," or so the NLRB is at least entitled to find exclusively in the first instance, should it see fit before judicial review by the Court of Appeals or even the U.S. Supreme Court.

All of that said, the court agrees with plaintiff that were the NLRB to attempt to undo its earlier, now final finding that Fisher and the other delivery drivers are independent contractors and pursue a complaint against plaintiff as protecting an employee from retaliation by participating in an NLRB proceeding, that claim would fall outside the NLRB's authority. As the court understands the NLRB's position, however, that is not the tact it is taking. Regardless, by losing the prior administrative proceeding and failing to appeal that decision to the Court of Appeals, the NLRB is precluded from challenging Fisher's classification in the present administrative proceeding. Whether the ALJ will find that the NLRA anti-retaliation provisions nevertheless protect an independent contractor, and more critically, whether Fisher was terminated because of his protected activity is before the NLRB and are both issues properly resolved, at least in the first instance, exclusively in administrative proceedings, not in a federal district court.

ORDER

IT IS ORDERED that:

1) Defendant National Labor Relations Board's motion to dismiss (dkt. #8) is GRANTED. Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

2) The parties' joint motion to expedite consideration and ruling on NLRB's motion to dismiss (dkt. #13) is GRANTED.

3) The clerk of court is directed to close this case.

Entered this 14th day of August, 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge